NOT YET SCHEDULED FOR ORAL ARGUMENT

—————————————

No. 26-1538

—————————————

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

—————————————

KEVIN RAYCRAFT, *et al.*,
Respondents-Appellants,

v.

XUAN PHAM,
Petitioner-Appellee.

—————————————

**<u>MOTION TO HOLD CASE IN ABEYANCE</u>**

Pursuant to FRAP 27, Petitioner-Appellee and Xuan Pham hereby respectfully moves the Court to hold in abeyance all proceedings in the above-captioned appeal, including the briefing schedule, pending disposition of *Black v. Decker*, 103 F.4th 133, 141–42 (2d Cir. 2024), *cert. granted sub nom. Genalo v. Black*, No. 25-886, 2026 WL 1718025 (U.S. June 15, 2026) by the Supreme Court of the United States. Counsel for the Petitioner-Appellee hereby certifies that she consulted with counsel for the Respondents-Appellants but was unable to obtain their consent as to this request.

1

# BACKGROUND

The instant appeal concerns the burden and standard of proof in immigration bond hearings held for persons detained pursuant to Section 1226(a) of the Immigration and Nationality Act. The Respondents-Appellants are appealing a decision of the lower court directing them to provide the Petitioner-Appellee (who was detained pursuant to Section 1226(a)) with an individualized bond hearing before a neutral immigration judge, at which time the Respondents-Appellants had the burden to demonstrate dangerousness or flight risk by clear and convincing evidence. The decision on appeal is based on reasoning in a prior decision issued by the same district judge in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612, 622 (W.D. Mich. 2026) (citing *Darko v. Sessions*, 342 F. Supp. 3d 429, 434–35 (S.D.N.Y. 2018) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 138 S.Ct. 830, 200 L.Ed.2d 122 (2018), "the Supreme Court held that [section] 1226(a) does not mandate that a clear and convincing evidence burden be placed on the government in bond hearings, [but] it left open the question of whether the Due Process Clause does")).

On June 15, 2026, the Supreme Court of the United States granted the petition for a writ of certiorari in *Genalo v. Black*, No. 25-886, 2026 WL 1718025 (U.S. June 15, 2026), stating. "[i]n *Jennings v. Rodriguez*, 583 U.S. 281 (2018), this Court held that Section 1226(c) prohibits the release of such aliens on bond. The Court reserved judgment on various constitutional issues on which it had ordered supplemental

briefing, including whether the Due Process Clause requires bond hearings for certain Section 1226(c) detainees and, if so, what kind of bond hearing." *See* Exhibit 1.

The questions presented to the Supreme Court in *Genalo v. Black* are: (1) whether there is a point at which an alien's detention under Section 1226(c), pending a decision on whether he is to be removed, becomes "unreasonably prolonged," such that due process requires a bond hearing; and (2) if so, whether, in such a bond hearing, due process requires placing the burden on the government to justify the alien's continued detention by clear and convincing evidence, in addition to the question of mootness.

## DISCUSSION

This Court should hold the appeal in abeyance pending resolution of CREW's motion below as resolution of the pending motion will likely affect the course of the current appeals. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

Although the Petitioner-Appellee believes that this appeal raises significant and weighty issues deserving the Court's attention, if the case is not held in abeyance, the case may proceed on an inefficient track resulting in the waste of

judicial resources. It is highly likely that the Supreme Court's decision in *Genalo v. Black* will offer guidance and clarification of the requirements of due process in immigration bond hearings, and on what party the burden of proof should fall.

Holding the appeals in abeyance (including the briefing schedule) is appropriate here because it will promote "economy of time and effort" for the Court, counsel, and parties. *See Landis*, 299 U.S. at 255. Once the Supreme Court issues its holding, the issues for this Court to resolve will be clarified, and the appeal can proceed.

For the foregoing reasons, the Court should hold in abeyance this case pending the Supreme Court of the United States's resolution of *Black v. Decker*, 103 F.4th 133, 141–42 (2d Cir. 2024), *cert. granted sub nom. Genalo v. Black*, No. 25-886, 2026 WL 1718025 (U.S. June 15, 2026).

Dated: July 7, 2026.

Respectfully submitted,

*/s/ Amy Maldonado*
Amy Maldonado
*amy@amaldonadolaw.com*
(Illinois ARDC No. 6256961)

Law Office of Amy Maldonado LLC
333 Albert Avenue, Suite 390
East Lansing, MI 48823-4351
Telephone: (517) 803-2870
Fax: (888) 299-3780

*Attorney for Xuan Pham*

4

# EXHIBIT 1

**25-886 GENALO V. BLACK**

DECISION BELOW: 103 F.4th 133

LOWER COURT CASE NUMBER: 20-3224, 22-70

QUESTION PRESENTED:

Under 8 U.S.C. 1226(c), certain criminal aliens are required to be detained pending a decision on whether they are to be removed from the United States. In *Jennings v. Rodriguez*, 583 U.S. 281 (2018), this Court held that Section 1226(c) prohibits the release of such aliens on bond. The Court reserved judgment on various constitutional issues on which it had ordered supplemental briefing, including whether the Due Process Clause requires bond hearings for certain Section 1226(c) detainees and, if so, what kind of bond hearing. Respondents here are two criminal aliens detained under Section 1226(c) for 7 and 21 months, respectively, pending their removal proceedings. The court of appeals held that each respondent's detention had become "unreasonably prolonged," such that due process entitled him to a bond hearing with the burden placed on the government to justify his continued detention by clear and convincing evidence. Pet. App. 5a. The questions presented are:

1. Whether there is a point at which an alien's detention under Section 1226(c), pending a decision on whether he is to be removed, becomes "unreasonably prolonged," such that due process requires a bond hearing.

2. If so, whether, in such a bond hearing, due process requires placing the burden on the government to justify the alien's continued detention by clear and convincing evidence.

THE PETITION FOR A WRIT OF CERTIORARI IS GRANTED AS TO UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT CASE NO. 22-70. IN ADDITION TO THE QUESTIONS PRESENTED BY THE PETITION, THE PARTIES ARE DIRECTED TO BRIEF AND ARGUE THE FOLLOWING QUESTION: WHETHER G.M.'S CASE IS NOW MOOT.

CERT. GRANTED 6/15/2026

# CERTIFICATE OF SERVICE

I hereby certify that, on July 7, 2026, a true and correct copy of Petitioner-Appellee's Motion to Hold Case in Abeyance was filed and served electronically through the Court's CM/ECF system upon all counsel of record.

/s/ Amy Maldonado
Amy Maldonado
amy@amaldonadolaw.com
(Illinois ARDC No. 6256961)

Law Office of Amy Maldonado LLC
333 Albert Avenue, Suite 390
East Lansing, MI 48823-4351
Telephone: (517) 803-2870
Fax: (888) 299-3780

Attorney for Xuan Pham